Pro Se 13 (Rev. 12/16) Complaint for Review of a Social Security Disability or Supplemental Security Income Decision

# UNITED STATES DISTRICT COURT

### for the

### Eastern District of Virginia

, 2017 JAN 11  P 1: 45

### Civil Division

CLERK US DISTRICT COURT

| | | |
|---|---|---|
| SHERRI MICHELLE DELIZ | ) | Case No. 1:17CV40 (GBL/MSN) |
| *Plaintiff(s)* | ) | *(to be filled in by the Clerk's Office)* |
| *(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | ) ) ) ) ) | |
| -v- | ) ) ) ) ) ) | |
| COMMISSIONER OF THE SOCIAL SECURITY | ) ) | |
| *Defendant* *(Write the full name of the current Commissioner of the Social Security Administration. Do not include address here.)* | ) ) ) | |

## COMPLAINT FOR REVIEW OF A SOCIAL SECURITY
## DISABILITY OR SUPPLEMENTAL SECURITY INCOME DECISION

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

Pro Se 13 (Rev. 12/16) Complaint for Review of a Social Security Disability or Supplemental Security Income Decision

## I.    The Parties to This Complaint

### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Sherri Michelle Deliz |
| Street Address | 8441 Great Lake Ln |
| City and County | Springfield, Fairfax County |
| State and Zip Code | VA, 22060 |
| Telephone Number | 305-479-8226 |
| E-mail Address | jcdeliz@gmail.com |

**Last Four Digits** of Your Social Security Number *(Do not include full number)*    1667

### B.    The Defendant

Provide the information below for the defendant named in the complaint. Attach additional pages if needed.

Defendant *(The current Commissioner of the Social Security Administration)*

| | |
|---|---|
| Name | Commissioner of the Social Security Administration |
| Street Address | 300 Spring Garden Street, 6th Floor |
| City and County | Philadelphia, |
| State and Zip Code | PA, 19123-2932 |
| | *(Regional Office of the Social Security Administration General Counsel.)* |
| Telephone Number | |
| E-mail Address *(if known)* | |

## II.    Basis for Jurisdiction

This is an action seeking court review of a decision of the Commissioner of the Social Security Administration. Jurisdiction for such proceedings can be based on two statutes. If this complaint seeks review of a decision regarding Disability Insurance Benefits under Title II of the Social Security Act, jurisdiction is proper under 42 U.S.C. § 405(g). If this complaint seeks review of a decision regarding Supplemental Security Income under Title XVI of the Social Security Act, jurisdiction is proper under 42 U.S.C. § 1383(c)(3). Please check the type of claim you are filing.

| Claim Type | For Clerk's Office Use Only |
|---|---|
| ☒ Disability Insurance Benefits Claim (Title II) | COA: 42:0405id<br>NOS: 864 |
| ☐ Supplemental Security Income Claim (Title XVI) | COA: 42:1383<br>NOS: 863/864 |
| ☐ Child Disability Claim | COA: 42:0405wc<br>NOS: 863 |
| ☐ Widow or Widower Claim | COA: 42:0405ww<br>NOS: 863 |

Pro Se 13 (Rev. 12/16) Complaint for Review of a Social Security Disability or Supplemental Security Income Decision

An appeal from a decision of the Commissioner must be filed within 60 days of the date on which you received notice that the Commissioner's decision became final. When did you receive notice that the Commissioner's decision was final? *(This is likely the date on which you received notice from the Social Security Appeals Council that your appeal was denied.)*

12 November 2016

Please attach a copy of the Commissioner's final decision, and a copy of the notice you received that your appeal was denied from the Social Security Appeals Council.

## III.    Statement of Claim

Federal courts may overturn decisions by the Commissioner of Social Security only if the decision was not supported by substantial evidence in the record or was based on legal error. Why should this court overturn the Commissioner's decision? *(Check all that apply)*

☒    The Commissioner found the following facts to be true, but these facts are not supported by substantial evidence in the record. *(Explain why the Commissioner's factual findings are not supported by substantial evidence in the record.)*

Pro Se 13 (Rev. 12/16) Complaint for Review of a Social Security Disability or Supplemental Security Income Decision

1). The Administrative Law Judge disregarded evidence from the record. On page 11 of 15 of the ALJ's decision, he states: "The record indicates that in 2013, her general practitioner, John Magpantay, M.D., gave her a prescription for an electric wheelchair, but this was denied by her medical insurance because of insufficient medical support. (Exhibits 25F, 26F). Notably, there is no further evidence in the file or treatment notes that any assistive device was ever provided."

However, the approval letter for the electric wheelchair is Exhibit 25F, page 3 of 9, which is attached to this complaint as Exhibit 1. Therefore, the ALJ erred in his decision by not factor into his analysis and disregarding the evidence on the record.

2. The ALJ did not properly consider the Plaintiff's testimony about her pain. However, on page 3 of 15 of the ALJ's decision, he finds that the "The claimant has the following severe impairments: migraine headaches; neck strain; right shoulder degenerative joint disease and arthralgia; obesity; lumbar spine degenerative disc disease, with degenerative facet change, spondylosis, lumbago, sciatica, and radiculopathy; cervical spine degenerative disc disease, with spondylosis, radiculopathy, and cervicalgia; right ulnar nerve entrapment across the elbow, cubital tunnel syndrome, and brachial, Neuritis; multiple joint arthralgias; left hip degenerative labral tear and femoral head subchondral cystic change; and chronic pain syndrome.

3. The ALJ did not properly consider reports from the physicians that treated the Plaintiff and failed to provide sufficient rationale for the weight assigned to them. The ALJ only used two (2) of the Plaintiff's doctors, Dr. John Magpantay and Dr. Netsere Tesfayohannesin, in his reasoning and disregarded the rest of the Plaintiff's doctors. What is worse is that the ALJ ignored Dr. Magpantay and Dr. Telfayohannesein reports by giving them "little" credibility. Dr. John Magpantay is an internal medicine practitioner who practices in Fort Belvoir Community Hospital, a military hospital, where he has been treating the Plaintiff for over four (4) years. Dr. Magpantay is the primary physician for the Plaintiff and has followed her for chronic pain, Cervicalgia, anxiety, migraines, and headaches.

Dr. Netsere Tesfayohannes an Assistant Professor and Division Chief of the Pain Medicine Clinic at Georgetown University Hospital. Dr. Tesfayohannes has been treating the Plaintiff for over three (3) years.

The ALJ never attempted to get clarification from the Plaintiff's doctors regarding the credibility issues he had within his reasoning.

_____

☒        The Commissioner's decision was based on legal error. *(Identify all legal errors.)*

Pro Se 13 (Rev. 12/16) Complaint for Review of a Social Security Disability or Supplemental Security Income Decision

1. The ALJ erred in his function-by-function analysis in failing to assess additional manipulative limitations and the vocational expert's testimony was in response to an incomplete hypothetical question in violation of HALLEX I-2-5-55.

2. The ALJ failed to provide sufficient rationale for the weight assigned to treatingphysician Dr. Magpantay. Plaintiff should be found disabled at Step 5 within the framework of the Medical-Vocational Guidelines and SSR 96-8p.

3. The Plaintiff should be found to meet, or equal in combination, Listing 1.04A. The ALJ correctly found Plaintiff's degenerative disc disease of the cervical spine with spondylosis, radiculopathy, and cervicalgia, and right ulnar nerve entrapment across the elbow, cubital tunnel syndrome, and Brachial Neuritis to be "severe" impairments.
However, the ALJ provided no reasoning rationale showing why the specific requirements for Listing 1.04 were not met. Instead, the ALJ used boilerplate language to state the Plaintiff did not meet or equal a Listing and to state the Plaintiff had not alleged meeting or equaling any Listing.

4. The ALJ failed to consider Plaintiff's prior work history when assessing her credibility in accordance with SSR 96-7p. Plaintiff has solid earnings as a property manager in real estate management through alleged onset date.

5. The ALJ erred by failing to obtain an opinion from a medical expert regarding whether the Plaintiff meets or equals a Listing and regarding functional capacity.

## IV.   Relief

State what you want the court to do *(check all that apply)*:

☒   Issue a summons directing the defendant to appear before the court.

☒   Order the defendant to submit a certified copy of the transcript and record, including evidence upon which the findings and decision are based.

☒   Modify the defendant's decision and grant monthly maximum insurance benefits to the plaintiff, retroactive to the date of initial disability.

☒   In the alternative, remand to the defendant for reconsideration of the evidence.

☒   Grant any further relief as may be just and proper under the circumstances of this case.

Pro Se 13 (Rev. 12/16) Complaint for Review of a Social Security Disability or Supplemental Security Income Decision

## V.      Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.      For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:     1/11/2017

Signature of Plaintiff

Printed Name of Plaintiff      Sherri Michelle Deliz

### B.      For Attorneys

Date of signing:      _____

| | |
|---|---|
| Signature of Attorney | _____ |
| Printed Name of Attorney | _____ |
| Bar Number | _____ |
| Name of Law Firm | _____ |
| Street Address | _____ |
| State and Zip Code | _____ |
| Telephone Number | |
| E-mail Address | |